**UNITED STATES DEPARTMENT OF DEFENSE DEPENDENT SCHOOLS, FORT BRAGG, NORTH CAROLINA, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

**American Federation of Government Employees, AFL–CIO, Local 1770, Intervenor/Respondent.**

No. 87–3061.

United States Court of Appeals, Fourth Circuit.

Submitted April 8, 1988.

Decided April 26, 1988.

ON PETITION FOR REHEARING

PER CURIAM:

This court previously held that the Fort Bragg, North Carolina dependents school did not have to negotiate over a salary proposal made by the union representing its nonprofessional employees. The proposal had requested that union employees be paid an amount equal to other Fort Bragg employees in equivalent wage grade or General Schedule positions. We concluded that the proposal was inconsistent with 20 U.S.C. § 241 and thus was not negotiable. The union filed a petition for rehearing which this court denied on March 22, 1988.

The next day, counsel for the dependents school filed a supplement to its response to the union's petition for rehearing. This supplement stated:

> Heretofore in this litigation . . . it has been assumed that the Fort Bragg Dependents School's nonprofessional employees were being paid wages comparable to those at local public schools. . . . [W]e have learned that this assumption is incorrect. In fact, it has been the practice of the Army, pursuant to Defense Department policy, to pay dependents school nonprofessional employees . . . in accordance with comparable wage-board or GS-Schedule employees at the base on which the school is located, and not comparable local school salaries.

In light of the school's admission, it is apparent that this entire controversy has been nothing more than a tempest in a teapot. In the absence of any underlying factual controversy between the parties, this dispute is moot and any decision by this court would be advisory.

We therefore vacate the order denying the petition for rehearing and grant rehearing. We vacate this court's prior order and judgment on the merits and decline to enforce the FLRA's order because the case is moot.